**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CARLEENA WAITS, ON BEHALF**
**OF THE WRONGFUL DEATH BENEFICIARY**
**OF AARON M. GRIFFIN, DECEASED**                                          **PLAINTIFF**

**VS.**                                                    **CAUSE NO. 3:24-cv-706-CWR-LGI**

**HINDS COUNTY, MISSISSIPPI;**
**QCHC OF MISSISSIPPI, LLC;**
**AND JANES/JOHN DOES, INDIVIDUALLY**
**AND IN THEIR OFFICIAL CAPACITIES**                                        **DEFENDANTS**

**HINDS COUNTY, MISSISSIPPI'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Hinds County, Mississippi (hereafter "answering defendant"), by and through counsel, submits its Answer to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state facts against answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendant specifically asserts and invokes all the privileges available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Insofar as any state law claims are concerned, answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**FIFTH DEFENSE**

Answering defendant denies that it has been guilty of any actionable conduct.

**SIXTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendant responds to Plaintiff's Complaint, paragraph by paragraph, as follows:

**COMPLAINT**

**PARTIES**

1.      Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 1 of Plaintiff's Complaint and, as such, denies the same.

2.       Answering defendant admits Hinds County is a political subdivision of the State of Mississippi that may be served pursuant to the Federal Rules of Civil Procedure

and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq*. Answering defendant denies the remaining allegations of paragraph 2 of Plaintiff's Complaint, as stated.

3.      The allegations of paragraph 3 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4.      The allegations of paragraph 4 of Plaintiff's Complaint concern defendants other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint and, as such, denies the same.

## JURISDICTION AND VENUE

5.      Without waiving any defenses, limitations, restrictions, or immunities, answering defendant admits this Court has jurisdiction over federal claims. Answering defendant denies the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6.      Without waiving any defenses, limitations, restrictions, or immunities, answering defendant admits this Court has jurisdiction over federal claims. Answering defendant denies the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7.     Without waiving any defenses, limitations, restrictions, or immunities, answering defendant admits this Court has jurisdiction of federal claims. Answering defendant denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8.     Without waiving any defenses, limitations, restrictions, or immunities, answering defendant admits venue is proper as to this Court. Answering defendant denies the remaining allegations of paragraph 8 of Plaintiff's Complaint.

## NOTICE

9.     Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 8 as if the same were specifically set out herein.

10.     Without waiving any defenses, limitations, restrictions, defenses, or immunities, answering defendant admits Plaintiff attached a letter as "Exhibit A" to her Complaint. Answering defendant denies the remaining allegations of paragraph 10 of Plaintiff's Complaint, as stated.

11.     Answering defendant denies the allegations of paragraph 11 of Plaintiff's Complaint, as stated.

## FACTS

12.     Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 11 as if the same were specifically set out herein.

13.     Answering defendant denies the allegations of paragraph 13 of Plaintiff's Complaint, as stated.

14.     Answering defendant denies the allegations of paragraph 14 of Plaintiff's Complaint, as stated.

15.     Answering defendant denies the allegations of paragraph 15 of Plaintiff's Complaint, as stated.

16.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 16 of Plaintiff's Complaint and, as such, denies the same.

17.     Answering defendant denies the allegations of paragraph 17 of Plaintiff's Complaint, as stated.

18.     Answering defendant denies the allegations of paragraph 18 of Plaintiff's Complaint, as stated.

19.     Answering defendant denies the allegations of paragraph 19 of Plaintiff's Complaint, as stated.

20.     Answering defendant admits Plaintiff was provided adequate medical care. Answering defendant denies the remaining allegations of paragraph 20 of Plaintiff's Complaint, as stated.

21.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 21 of Plaintiff's Complaint and, as such, denies the same.

## CAUSES OF ACTION

### *Section 1983*

22.    Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 21 as if the same were specifically set out herein.

23.    Without waiving any defenses, limitations, restrictions, defenses, or immunities, answering defendant would state the text of 42 U.S.C. § 1983 speaks for itself. Answering defendant denies the remaining allegations of paragraph 23 of Plaintiff's Complaint.

24.    Answering defendant denies the allegations of paragraph 24 of Plaintiff's Complaint, as stated.

25.    Answering defendant denies the allegations of paragraph 25 of Plaintiff's Complaint.

26.    Answering defendant denies the allegations of paragraph 26 of Plaintiff's Complaint.

27.    Answering defendant denies the allegations of paragraph 27 of Plaintiff's Complaint.

28.    Answering defendant denies the allegations of paragraph 28 of Plaintiff's Complaint.

29.    Answering defendant denies the allegations of paragraph 29 of Plaintiff's Complaint.

30.    Answering defendant denies the allegations of paragraph 30 of Plaintiff's Complaint.

31.     Answering defendant denies the allegations of paragraph 31 of Plaintiff's Complaint.

32.     Answering defendant denies the allegations of paragraph 32 of Plaintiff's Complaint.

33.     Answering defendant denies the allegations of paragraph 33 of Plaintiff's Complaint.

## *Negligence*

### *1.  Deputy Sheriffs and other HCDC Personnel*

34.     Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 33 as if the same were specifically set out herein.

35.     Answering defendant denies the allegations of paragraph 35 of Plaintiff's Complaint, as stated.

36.     Answering defendant denies the allegations of paragraph 36 of Plaintiff's Complaint, as stated.

37.     Answering defendant denies the allegations of paragraph 37 of Plaintiff's Complaint, as stated.

38.     Answering defendant denies the allegations of paragraph 38 of Plaintiff's Complaint, as stated.

39.     Answering defendant denies the allegations of paragraph 39 of Plaintiff's Complaint, as stated.

40.     Answering defendant denies the allegations of paragraph 40 of Plaintiff's Complaint, as stated.

41.     Answering defendant denies the allegations of paragraph 41 of Plaintiff's Complaint, as stated.

42.     Answering defendant denies the allegations of paragraph 42 of Plaintiff's Complaint, as stated.

43.     Answering defendant denies the allegations of paragraph 43 of Plaintiff's Complaint, as stated.

44.     Answering defendant denies the allegations of paragraph 44 of Plaintiff's Complaint, as stated.

45.     Answering defendant denies the allegations of paragraph 45 of Plaintiff's Complaint, as stated.

46.     Answering defendant denies the allegations of paragraph 46 of Plaintiff's Complaint, as stated.

47.     Answering defendant denies the allegations of paragraph 47 of Plaintiff's Complaint, as stated.

48.     Answering defendant denies the allegations of paragraph 48 of Plaintiff's Complaint, as stated.

49.     Answering defendant denies the allegations of paragraph 49 of Plaintiff's Complaint, as stated.

50.     Answering defendant denies the allegations of paragraph 50 of Plaintiff's Complaint, as stated.

51.     Answering defendant denies the allegations of paragraph 51 of Plaintiff's Complaint, as stated.

52.     Answering defendant denies the allegations of paragraph 52 of Plaintiff's Complaint, as stated.

53.     Answering defendant denies the allegations of paragraph 53 of Plaintiff's Complaint, as stated.

54.     Answering defendant denies the allegations of paragraph 54 of Plaintiff's Complaint, as stated.

55.     Answering defendant denies the allegations of paragraph 55 of Plaintiff's Complaint, as stated.

## 2. *QCHC*

56.     Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 55 as if the same were specifically set out herein.

57.     The allegations of paragraph 57 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 57 of Plaintiff's Complaint and, as such, denies the same.

58.     The allegations of paragraph 58 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient

to make a determination as to the truth of the allegations of paragraph 58 of Plaintiff's Complaint and, as such, denies the same.

59. The allegations of paragraph 59 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 59 of Plaintiff's Complaint and, as such, denies the same.

60. The allegations of paragraph 60 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 60 of Plaintiff's Complaint and, as such, denies the same.

61. The allegations of paragraph 61 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 61 of Plaintiff's Complaint and, as such, denies the same.

62. The allegations of paragraph 62 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 62 of Plaintiff's Complaint and, as such, denies the same.

63.     The allegations of paragraph 63 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 63 of Plaintiff's Complaint and, as such, denies the same.

64.     The allegations of paragraph 64 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 64 of Plaintiff's Complaint and, as such, denies the same.

65.     The allegations of paragraph 65 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 65 of Plaintiff's Complaint and, as such, denies the same.

66.     The allegations of paragraph 66 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 66 of Plaintiff's Complaint and, as such, denies the same.

67.     The allegations of paragraph 67 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the

extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 67 of Plaintiff's Complaint and, as such, denies the same.

68. The allegations of paragraph 68 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 68 of Plaintiff's Complaint and, as such, denies the same.

69. The allegations of paragraph 69 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 69 of Plaintiff's Complaint and, as such, denies the same.

70. The allegations of paragraph 70 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 70 of Plaintiff's Complaint and, as such, denies the same.

71. The allegations of paragraph 71 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient

to make a determination as to the truth of the allegations of paragraph 71 of Plaintiff's Complaint and, as such, denies the same.

72. The allegations of paragraph 72 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 72 of Plaintiff's Complaint and, as such, denies the same.

73. The allegations of paragraph 73 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 73 of Plaintiff's Complaint and, as such, denies the same.

74. The allegations of paragraph 74 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 74 of Plaintiff's Complaint and, as such, denies the same.

75. The allegations of paragraph 75 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 75 of Plaintiff's Complaint and, as such, denies the same.

76. The allegations of paragraph 76 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 76 of Plaintiff's Complaint and, as such, denies the same.

77. The allegations of paragraph 77 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 77 of Plaintiff's Complaint and, as such, denies the same.

78. The allegations of paragraph 78 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 78 of Plaintiff's Complaint and, as such, denies the same.

79. The allegations of paragraph 79 of Plaintiff's Complaint concern a defendant other than answering defendant and as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 79 of Plaintiff's Complaint and, as such, denies the same.

### *Gross Negligence*

80. Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 79 as if the same were specifically set out herein.

81. Answering defendant denies the allegations of paragraph 81 of Plaintiff's Complaint.

82. Answering defendant denies the allegations of paragraph 82 of Plaintiff's Complaint.

83. The allegations of paragraph 83 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 83 of Plaintiff's Complaint and, as such, denies the same.

84. The allegations of paragraph 84 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, as such, no response is necessary. To the extent a response is deemed necessary, answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 84 of Plaintiff's Complaint and, as such, denies the same.

85. Answering defendant denies the allegations of paragraph 85 of Plaintiff's Complaint.

*Intentional Infliction of Emotional Distress*

86.     Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 85 as if the same were specifically set out herein.

87.     Answering defendant denies the allegations of paragraph 87 of Plaintiff's Complaint.

88.     Answering defendant denies the allegations of paragraph 88 of Plaintiff's Complaint.

89.     Answering defendant denies the allegations of paragraph 89 of Plaintiff's Complaint.

90.     Answering defendant denies the allegations of paragraph 90 of Plaintiff's Complaint.

## DAMAGES

91.     Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 90 as if the same were specifically set out herein.

92.     Answering defendant denies the allegations of paragraph 92 of Plaintiff's Complaint.

93.     Answering defendant denies the allegations of paragraph 93 of Plaintiff's Complaint.

94.     Answering defendant denies the allegations of paragraph 94 of Plaintiff's Complaint.

### *Compensatory Damages*

95.     Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraph 1 through 94 as if the same were specifically set out herein.

96.     Answering defendant denies the allegations of paragraph 96 of Plaintiff's Complaint and would affirmatively aver Plaintiff is not entitled to any relief whatsoever.

## *Punitive Damages*

97.     Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 96 as if the same were specifically set out herein.

98.     Answering defendant denies the allegations of paragraph 98 of Plaintiff's Complaint and would affirmatively aver Plaintiff is not entitled to any relief whatsoever.

99.     Answering defendant denies the allegations of paragraph 99 of Plaintiff's Complaint and would affirmatively aver Plaintiff is not entitled to any relief whatsoever.

## *Declaratory and Injunctive Relief*

100.    Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 99 as if the same were specifically set out herein.

101.    Answering defendant denies the allegations of paragraph 101 of Plaintiff's Complaint and would affirmatively aver Plaintiff is not entitled to any relief whatsoever.

102.    Answering defendant denies the allegations of paragraph 102 of Plaintiff's Complaint and would affirmatively aver Plaintiff is not entitled to any relief whatsoever.

## *Attorney's Fees*

103.    Answering defendant repeats and incorporates by reference every defense, admission, and denial to paragraph 1 through 102 as if the same were specifically set out herein.

104.    Answering defendant denies the allegations of paragraph 104 of Plaintiff's Complaint and would affirmatively aver Plaintiff is not entitled to any relief whatsoever.

As for the unnumbered paragraph which commences "WHEREFORE PREMISES CONSIDERED…," answering defendant denies each and every allegation therein and would affirmatively aver Plaintiff is not entitled to any relief whatsoever.

### SEVENTH DEFENSE

Answering defendant is protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

### EIGHTH DEFENSE

Answering defendant alleges that it met or exceeded the requirements of law and due care and is guilty of no acts or omissions which either caused or contributed to the incident in question.

### NINTH DEFENSE

Answering defendant alleges Plaintiff's claims may be barred by, and answering affirmatively plead: accord and satisfaction, failure to mitigate, lack of standing arbitration and award, assumption of risk, superseding and intervening cause, contributory negligence, discharge in bankruptcy, superseding and intervening cause, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, *res judicata*, statute of limitations, statute of fraud,

abstention and any other matter constituting an avoidance or affirmative defense available to answering defendant.

**TENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendant would affirmatively state that Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)    The procedures fail to provide a limit on the amount of the award against the defendant.

(d)    The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)    The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)    The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## ELEVENTH DEFENSE

Answering defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## TWELFTH DEFENSE

Answering defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable.

## THIRTEENTH DEFENSE

Answering defendant would state at all times material to the allegations of the Complaint, its actions were in good faith without malice and within the scope and course of employment.

## FOURTEENTH DEFENSE

Any allegations contained in Plaintiff's Complaint, which are not specifically admitted, are hereby denied.

## FIFTEENTH DEFENSE

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having fully answered the allegations of Plaintiff's Complaint against it, answering defendant requests the Complaint be dismissed and with costs assessed against Plaintiff.

**DATE:**      **February 18, 2025.**

Respectfully submitted,

**HINDS COUNTY, MISSISSIPPI**

BY:      /s/ *Katelyn A. Riley*
           One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS  39157
Tel. 601-948-5711
Fax: 601-9854500
E-mail:  will.allen@butlersnow.com
E-mail: katelyn.riley@butlersnow.com

## CERTIFICATE

I, the undersigned of Butler Snow, LLP, one of the attorneys for Defendant, Hinds County, Mississippi, hereby certify that I have filed the foregoing Answer to Plaintiff's Complaint with the Clerk of Court via the ECF System which gave notification of the same to the following:

>Rhonda C. Cooper
>Midtown Law Office, P.A
>922 Woodrow Wilson Ave.
>P. O. Box 74
>Tougaloo, MS 39174
>Tel. (601) 354-2594
>rcooper@midtownlawoffice.com
>*Attorney for Plaintiff*

This the 18th day of February, 2025.

*/s/ Katelyn A. Riley*
OF COUNSEL

92450131.v1