**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CARLEENA WAITS, ON BEHALF**
**OF THE WRONGFUL DEATH BENEFICIARY**
**OF AARON M. GRIFFIN, DECEASED**                          **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 3:24-CV-706-CWR-LGI**

**HINDS COUNTY, MISSISSIPPI;**
**QCHC OF MISSISSIPPI, LLC;**
**AND JANE/JOHN DOES 1-5; INDIVIDUALLY**
**AND IN THEIR OFFICIAL CAPACITIES**                          **DEFENDANTS**

<u>**ANSWER AND AFFIRMATIVE DEFENSES OF QCHC OF MISSISSIPPI, LLC**</u>

COMES NOW, Defendant, QCHC of Mississippi, LLC, hereinafter "Defendant" or "QCHC", by and through counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint [Doc. 1] as follows:

<u>**FIRST DEFENSE**</u>

Defendant would show that the Plaintiff's Complaint fails to state a claim upon which relief may be granted and, pursuant to the provisions of Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure, Defendant requests that the claims against it be dismissed.

<u>**SECOND DEFENSE**</u>

Defendant invokes all protections and defenses available under the medical malpractice, civil justice and tort reform laws passed by the Mississippi Legislature in 2002 and 2004, including but not limited to, Miss. Code Ann. §15-1-36 and Miss. Code Ann. §11-1-58, including the notice provisions and pre-suit requirements, and accordingly, any claims under these statutory provisions should be dismissed.

**THIRD DEFENSE**

At all times, the conduct of Defendant was not the legal or proximate cause of any injuries, damages and/or losses allegedly incurred by the Plaintiff. Some, if not all of the Plaintiff's alleged damages and injuries were caused in whole or in part by actions of others or natural causes or diseases for which Defendant cannot be legally liable, including the actions or inactions of Plaintiff and/or decedent, as well as any pre-existing and/or subsequently occurring mental or medical conditions, physical conditions, illnesses, or diseases of Plaintiff and/or decedent. Alternatively, said actions, conditions, causes, acts or omissions of others constitute an independent, superseding cause of the injuries and damages allegedly incurred by Plaintiff and/or decedent.

**FOURTH DEFENSE**

Defendant specifically asserts and invokes all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7), as well as Fed. R. Civ. P. 8(c), for which good faith legal and factual basis exists.

**FIFTH DEFENSE**

Defendant is immune from suit in the claims made against it in the Complaint.

**SIXTH DEFENSE**

At all times pertinent to this proceeding, Defendant acted in reliance upon then existing law, policies and procedures in good faith, without malice, reckless disregard, deliberate indifference, retaliatory motive or injurious intent, and is therefore entitled to qualified immunity and/or a special good faith defense.

**SEVENTH DEFENSE**

The Plaintiff and/or decedent suffered no loss or deprivation of any rights, privileges or immunities afforded by the United States Constitution or applicable federal or state law by this

Defendant.

## EIGHTH DEFENSE

Additionally, and/or alternatively, the Plaintiff's alleged loss, damage or deprivation was not the proximate result to the execution of any policy, regulation, custom or practice attributable to Defendant.

## NINTH DEFENSE

Additionally, and/or alternatively, the Plaintiff's alleged loss, damage or deprivation was not intentional or due to deliberate indifference.

## TENTH DEFENSE

Defendant would show that the factual allegations of the Plaintiff's Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional right of Plaintiff and/or decedent determined by the standard of objective reasonableness measured by reference to clearly established law under the United States Constitution. Further, Defendant is not guilty of any deliberate abuse of inherent governmental power, but rather, had probable cause and lawful justification for all actions undertaken by it.

## ELEVENTH DEFENSE

Defendant cannot be held vicariously liable for any acts committed by any employee or independent contractor under 42 U.S.C. § 1983 under the theory of respondeat superior.

## TWELFTH DEFENSE

Defendant asserts that the decedent was not in the Defendant's custody or control.

## THIRTEENTH DEFENSE

Defendant's conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. §1983. The

Plaintiff's allegations do not rise to the level of a constitutional tort.

## FOURTEENTH DEFENSE

Defendant alleges that any damages suffered by Plaintiff and/or decedent were the result of Plaintiff and/or decedent's own negligence or conduct, or were otherwise the result of unlawful, unforeseen, intervening or superseding causes over which this Defendant had no control or liability.

## FIFTEENTH DEFENSE

Defendant specifically asserts and invokes all of the rights and defenses available to it, including, but not limited to, those set forth in F.R.C.P. 19, all defenses available to it under 42 U.S.C. §1983 and/or applicable state and/or federal common law for which a good faith legal and/or factual basis exists in his favor. Furthermore, there is no class based animus, no evidence of deliberate indifference by Defendant or intentional conduct.

## SIXTEENTH DEFENSE

The Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of Plaintiff and/or decedent's own actions and/or omissions or those of other persons for whom this Defendant is neither liable nor responsible such that said actions constitute the sole proximate cause and/or contributing cause of the Plaintiff and/or decedent's injuries and complaints, or alternatively, are an independent, intervening, superseding cause. Alternatively and affirmatively, the Plaintiff's recovery should be barred or reduced under principles of comparative fault or contributory negligence.

## SEVENTEENTH DEFENSE

Defendant hereby asserts all affirmative defenses to which it may be entitled, including any and all statutes of limitation, repose and/or statutory limitations of liability herein available to

him. In addition, this Defendant hereby reserves the right to assert any additional affirmative defenses to which it may be entitled once further discovery is conducted.

### EIGHTEENTH DEFENSE

Defendant invokes all protections of Mississippi Code Annotated §85-5-7.

### NINETEENTH DEFENSE

At all times relevant hereto, Defendant complied in all respects with the applicable standard of care.

### TWENTIETH DEFENSE

Defendant affirmatively pleads the provisions of Mississippi Code Ann. §11-1-60.

### TWENTY-FIRST DEFENSE

Defendant asserts and raises all rights guaranteed by the United States Constitution and Mississippi Constitution, and Defendant affirmatively pleads the protections afforded by Miss. Code Ann. §11-1-65.

### TWENTY-SECOND DEFENSE

Defendant invokes all of the damage limitations stipulated under Miss. Code Ann. §11-1-69.

### TWENTY-THIRD DEFENSE

While denying any negligence on its part, Defendant pleads the defense of superseding, intervening cause.

### TWENTY-FOURTH DEFENSE

Defendant invokes any and all statute of limitations and asserts Plaintiff's claims against it are time barred under the applicable statute of limitations.

## **TWENTY-FIFTH DEFENSE**

Although denying that Plaintiff has asserted such a claim and further denying that Plaintiff is entitled to punitive damages, or any relief whatsoever as against this Defendant, Defendant would affirmatively plead:

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

2.      No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable;

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of Section 14 of the Mississippi Constitution;

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Constitution of the United States of American and of Section 28 of the Mississippi Constitution.

## **TWENTY-SIXTH DEFENSE**

Defendant is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter.  However, contingent on the facts

revealed by investigation and discovery, Defendant expressly reserves the right to raise any additional defenses and affirmative defenses which may be applicable.

### TWENTY-SEVENTH DEFENSE

Defendant specifically invokes and pleads all defenses to which it may be entitled under the Prison Litigation Reform Acts, 42 U.S.C. §1997e, as well as under 28 U.S.C. §1915.

### TWENTY-EIGHTH DEFENSE

Defendant has no liability to the extent that any alleged injury or damage to the Plaintiff occurred or arose as an attendant risk or complication of the involved procedure(s) or medical care.

### TWENTY-NINTH DEFENSE

Defendant would show that to the extent that Plaintiff suffered from a condition or developed a condition beyond the control of medicine and for which Defendant is in no way responsible, then the Plaintiff is not entitled to recovery from Defendant.

### THIRTIETH DEFENSE

Defendant specifically asserts that Plaintiff suffered from no serious medical need and no substantial risk of serious bodily harm that was ignored, disregarded, or intentionally treated incorrectly by Defendant, and Defendant specifically denies any such conduct that would evince a wanton disregard to any serious medical need of Plaintiff.

### THIRTY-FIRST DEFENSE

Defendant asserts that the actions or inactions of others prevented Defendant from being able to render care as intended, required, or needed.

### THIRTY-SECOND DEFENSE

This Court lacks subject matter jurisdiction because Plaintiff and/or decedent must exhaust administrative remedies as required by law. Failure to exhaust administrative remedies is an

affirmative bar to the maintenance of this civil action and, as such, this action should be dismissed.

### THIRTY-THIRD DEFENSE

Plaintiff's Complaint fails to state facts against answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRTY-FOURTH DEFENSE

To the extent applicable, answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### THIRTY-FIFTH DEFENSE

Answering defendant is protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

### ANSWER

And now Defendant answers the allegations in the Complaint as follows:

### PARTIES

1. Paragraph 1 contains statements of Plaintiff's intent and not allegations, and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the matters contained herein and therefore, denies the same. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

2. Paragraph 2 does not contain allegations addressed to this Defendant, and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the matters contained herein and therefore, denies the same.

3.      As to the allegations contained in Paragraph 3, Defendant admits that it is also known as Quality Correctional Health Care, that it is qualified to do business in Mississippi and that its Registered Agent is InCorp Services, Inc. Otherwise, denied.

4.      Paragraph 4 is not directed as to this Defendant, and therefore no response is required. If a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted, and therefore, denies the same.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains statements of Plaintiff's intent and not allegations, and therefore, no response is required. To the extent a response is required, without waiving any defenses, Defendant admits that this Court has jurisdiction over federal claims, but specifically denies that Plaintiff has a valid claim against it, and therefore, denies the allegations of Paragraph 5.

6.      Paragraph 6 contains statements of Plaintiff's intent and not allegations, and therefore, no response is required. To the extent a response is required, without waiving any defenses, Defendant admits that this Court has jurisdiction over federal claims, but specifically denies that Plaintiff has a valid claim against it, and therefore, denies the allegations of Paragraph 6.

7.      Though denying any negligence, intentional conduct, or actionable conduct in the premises, Defendant admits that to the extent Plaintiff pleads a claim under Title 28, United States Code §1331, jurisdiction appears proper.

8.      Though denying any negligence, intentional conduct, or actionable conduct in the

premises, Defendant admits that to the extent Plaintiff pleads a proper claim venue appears proper.

**NOTICE**

9.      Defendant incorporates its response and denials as set forth above. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

10.     Paragraph 10 does not contain allegations directed to this Defendant, and therefore, no response is required. To the extent the allegations are construed to adversely affect Defendant and/or a response is deemed required, the allegations are denied.

11.     Paragraph 11 does not contain allegations directed to this Defendant, and therefore, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted, and therefore, denies the same.

**FACTS**

12.     Defendant incorporates its response and denials as set forth above. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

13.     It is admitted on information and belief that on or about June 4, 2023, the Decedent was arrested and detained at the Hinds County Detention Center. Otherwise, denied as worded.

14.     Paragraph 14 does not contain allegations directed to this Defendant, and therefore, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted, and therefore, denies the same.

15.     Paragraph 15 does not contain allegations directed to this Defendant, and therefore, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted, and therefore, denies the same. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

16.    Paragraph 16 does not contain allegations directed to this Defendant, and therefore, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted, and therefore, denies the same. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

17.    Insofar as this paragraph contains allegations addressed to this Defendant, Defendant admits only that the record speaks for itself, and otherwise, denied as worded. Insofar as Paragraph 17 contains allegations directed to other Defendants, no response is required. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

18.    Paragraph 18 is admitted in part and denied in part.  Defendant admits that an Agreement existed relating to physician and related healthcare services and that the Agreement speaks for itself.  Otherwise, denied as worded.  To the extent this paragraph overstates or misstates the agreement terms, the same is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct.

19.    Paragraph 19 is denied as worded, although  Defendant admits that an Agreement existed relating to physician and related healthcare services and that the Agreement speaks for itself.  Otherwise, denied as worded.  To the extent this paragraph overstates or misstates the agreement terms, the same is denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct.

20.    Based upon information and belief, it is admitted that Griffin received adequate and appropriate medical care and was transported form HCDC to the emergency department. Defendant lacks sufficient information to be able to admit or deny the remaining allegations in

Paragraph 20.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

21.     Based upon information and belief, it is admitted that Griffin died on June 7, 2023. Defendant lacks sufficient information to be able to admit or deny the remaining allegations in Paragraph 21.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

## CAUSES OF ACTION

### *Section 1983*

22.     Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

23.     Paragraph 23 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent the allegations are intended to or do adversely affect Defendant, then other than to admit that the law speaks for itself, the allegations are denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

24.     Paragraph 24 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent the allegations are intended to or do adversely affect Defendant, then other than to admit that the law speaks for itself, the allegations are denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

25.     Paragraph 25 is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed to other defendants, no response is required.

26.     Paragraph 26 is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed to other defendants, no response is required.

27.     This Paragraph is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed to other defendants, no response is required.

28.     This Paragraph is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed to other defendants, no response is required.

29.     This Paragraph is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed to other defendants, no response is required.

30.     This Paragraph is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed to other defendants, no response is required.

31.     This Paragraph is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed to other defendants, no response is required.

32.     This Paragraph is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed to other defendants, no response is required.

33.     This Paragraph is denied as to this Defendant.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct.  To the extent the allegations are addressed

to other defendants, no response is required.

## *Negligence*

### *1. Deputy Sheriffs and Other HCDC Personnel*

34.     Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

35.     Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required.  To the extent the allegations are intended to or do adversely affect it, then denied.

36.     Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required.  To the extent the allegations are intended to or do adversely affect it, then denied.

37.     Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required.  To the extent the allegations are intended to or do adversely affect it, then denied.

38.     Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed

to the actions of others, no response is required.  To the extent the allegations are intended to or do adversely affect it, then denied.

39.    Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required.  To the extent the allegations are intended to or do adversely affect it, then denied.

40.    Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required.  To the extent the allegations are intended to or do adversely affect it, then denied.

41.    Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required.  To the extent the allegations are intended to or do adversely affect it, then denied.

42.    Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required.  To the extent the allegations are intended to or do adversely affect it, then denied.

43.    Insofar as this paragraph contains allegations addressed to this Defendant, other

than to admit that the law speaks for itself, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

44.     Insofar as this paragraph contains allegations addressed to this Defendant, other than to admit that the law speaks for itself, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

45.     Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

46.     Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

47.     Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

48.     Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the

premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

49.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

50.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

51.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

52.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

53.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

54.    Insofar as this paragraph contains allegations addressed to this Defendant, denied.

Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

55.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

### 2. QCHC

56.    Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

57.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

58.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

59.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

60.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

61.    Other than to admit that the law speaks for itself, the allegations in this paragraph

are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

62.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

63.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

64.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

65.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

66.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

67.    Other than to admit that the law speaks for itself, the allegations in this paragraph are denied as worded.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

68.    Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

69.    Denied. Defendant specifically denies any negligence, intentional conduct, or

19

actionable conduct in the premises.

70.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

71.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

72.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

73.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises..

74.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

75.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

76.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

77.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

78.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

79.     Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

### *Gross Negligence*

80.     Defendant incorporates its responses and denials as set forth above.  Defendant

specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

81.    Paragraph 81 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent the allegations are intended to or do adversely affect Defendant, then denied.

82.    Paragraph 82 does not contain allegations addressed to this Defendant and therefore, no response is required. To the extent the allegations are intended to or do adversely affect Defendant, then denied.

83.    Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

84.    Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

85.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

### *Intentional Infliction of Emotional Distress*

86.    Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

87.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

88.    Insofar as this paragraph contains allegations addressed to this Defendant, denied.

Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

89.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

90.    Insofar as this paragraph contains allegations addressed to this Defendant, denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Insofar as the allegations are addressed to the actions of others, no response is required. To the extent the allegations are intended to or do adversely affect it, then denied.

## DAMAGES

91.    Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

92.    Insofar as the allegations in Paragraph 92 are addressed to this Defendant, denied. Defendant specifically denies that it is liable to Plaintiff for any sum whatsoever, and further denies that Plaintiff is entitled to an award of damages, including punitive damages. Insofar as the allegations are addressed to the actions of others, no response is required

93.    Insofar as the allegations in Paragraph 93 are addressed to this Defendant, denied as worded. Defendant specifically denies that it is liable to Plaintiff for any sum whatsoever, and further denies that Plaintiff is entitled to an award of damages, including punitive damages. Insofar as the allegations are addressed to the actions of others, no response is required.

94.    Insofar as the allegations in Paragraph 94 are addressed to this Defendant, denied

as worded. Defendant specifically denies that it is liable to Plaintiff for any sum whatsoever, and further denies that Plaintiff is entitled to an award of damages, including punitive damages. Insofar as the allegations are addressed to the actions of others, no response is required.

### Compensatory Damages

95.    Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

96.    Denied. Defendant specifically denies that it is liable to Plaintiff for any sum whatsoever, and further denies that Plaintiff is entitled to an award of damages, including punitive damages.

### Punitive Damages

97.    Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

98.    Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Defendant specifically denies that it is liable to Plaintiff for any sum whatsoever, and further denies that Plaintiff is entitled to an award of damages, including punitive damages.

99.    Denied. Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises. Defendant specifically denies that it is liable to Plaintiff for any sum whatsoever, and further denies that Plaintiff is entitled to an award of damages, including punitive damages.

### Declaratory and Injunctive Relief

100.    Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

23

101.    Paragraph 101 is a statement of intent by Plaintiff, and therefore, no response is required. To the extent a response is required, denied. Defendant specifically denies that it is liable to Plaintiff for any relief or sum whatsoever.

102.    Paragraph 102 is a statement of intent by Plaintiff, and therefore, no response is required. To the extent a response is required, denied. Defendant specifically denies that it is liable to Plaintiff for any relief or sum whatsoever.

## **ATTORNEY'S FEES**

103.    Defendant incorporates its responses and denials as set forth above.  Defendant specifically denies any negligence, intentional conduct, or actionable conduct in the premises.

104.    Paragraph 104 is a statement of intent by Plaintiff, and therefore, no response is required. To the extent a response is required, denied. Defendant specifically denies that it is liable to Plaintiff for any relief or sum whatsoever, including attorney's fees, costs and expenses.

Insofar as the WHEREFORE PREMISES CONSIDERED clause at the end of the Complaint is addressed to this Defendant, it is denied. Defendant specifically denies that it is liable to the Plaintiff for any sum whatsoever, and further denies that Plaintiff is entitled to an award of damages against this Defendant, including punitive damages. Defendant denies each and every allegation contained in the Complaint, whether numbered or unnumbered, that is addressed to it, except as admitted specifically herein. Insofar as the allegations are addressed to the actions of others, no response is required.

And now, Defendant QCHC of Mississippi, LLC respectfully requests that this Court dismiss it as a Defendant from this cause of action, with prejudice.

**RESPECTFULLY SUBMITTED**, this 20th day of February, 2025.

**QCHC OF MISSISSIPPI, LLC**

BY:    *s/Lynda C. Carter*
Lynda C. Carter (MSB #99539)

**Of Counsel:**
WISE CARTER CHILD & CARAWAY, P.A.
LYNDA C. CARTER, MSB #99539
2510 14th Street, Suite 1125
Gulfport, MS 39501
Tel:  228-867-7141
Fax: 228-867-7142
lcc@wisecarter.com

## CERTIFICATE OF SERVICE

I, Lynda C. Carter, hereby certify that the foregoing has been filed with the Clerk of Court using this Court's ECF system, which sent notification of such filing to the following counsel or record:

Rhonda C. Cooper
Mid-Town Law Office, P.A.
P.O. Box 74
Tougaloo, MS 39174
rcooper@midtownlawoffice.com
*Attorney for Plaintiff*

Katelyn A. Riley
William R. Riley
Butler Snow, LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Will.allen@butlersnow.com
Katelyn.riley@butlersnow.com
*Attorneys for Defendant, Hinds County, MS*

**SO CERTIFIED**, this the 20th day of February, 2025.

BY:   *s/Lynda C. Carter*
Lynda C. Carter (MSB #99539)

**OF COUNSEL**:
Lynda C. Carter (MSB #99539)
Wise Carter Child & Caraway, P. A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone:  (228) 867-7141
lcc@wisecarter.com